IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-cv-00388

| | |
|---|---|
| LendingTree, LLC, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Cyber Financial Network, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss, or in the Alternative to Stay or Transfer (Document 12). For the reasons set forth below, the motion is hereby GRANTED in part, and this matter is transferred back to the Eastern District of New York.

## I. Background

Plaintiff LendingTree, LLC ("LendingTree") filed the current complaint for patent infringement against Defendant Cyber Financial Network, Inc. ("CFN") in this Court on September 9, 2005 pursuant to United States patent laws. LendingTree is an online lending and realty services exchange that allows consumers to access competing loan offers from participating lenders via a single form. LendingTree is the sole owner of U.S. Patent No.

1

6,611,816 B2 ("the '816 Patent"), issued on August 26, 2003.  CFN owns and operates an Internet site used in commerce with the MortgageExpo.com, which matches consumers with lenders using a single questionnaire and enables consumers to receive quotes from those lenders.

On October 14, 2003, LendingTree's in-house counsel sent a letter to CFN, noting that CFN's system was "strikingly similar" to LendingTree's, but stating that LendingTree was "not charging [CFN] with infringement of the '816 patent at this time."  Document 13 at 4.  CFN responded with a letter arguing the fundamental difference of the two systems.  LendingTree replied on November 25, 2003, stating that it did "not understand how you have come to the conclusion that CFN is not infringing the '816 patent."  Id.

On December 2, 2003 CFN filed a Motion for Declaratory Judgment of Noninfringement of the '816 Patent in the Eastern District of New York ("the New York action").  LendingTree filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  On May 10, 2004, the New York court granted LendingTree's motion to dismiss for lack of subject matter jurisdiction.  The New York court found that CFN failed to show by a preponderance of evidence that it was reasonably apprehensive of an infringement action by LendingTree.

On September 9, 2005, LendingTree filed the current complaint for patent infringement against CFN in this Court, seeking damages and injunctive relief.  CFN filed the current Motion to Dismiss, or in the Alternative, to Stay or Transfer on November 23, 2005.  The parties disagree as to what has transpired between the New York action and the present action. LendingTree claims that CFN's patent infringement has "continued unimpeded," that CFN has "acquired and/or begun to operate additional Internet sites" which raise similar concerns, and that

LendingTree has taken action against other potential infringers, specifically filing suit in this Court against LowerMyBills, Inc. Document 15 at 5. CFN counters that nothing has changed, and that LendingTree chose to bring the current action in order to select a more favorable forum, or perhaps to dissuade potential CFN investors. Document 17 at 12.

CFN asserts: first, that LendingTree's patent infringement claim should be dismissed because LendingTree failed to raise this compulsory counterclaim in the New York action, and thus, is barred from doing so now; second, that if this Court denies the dismissal claim, the action should be transferred to the Eastern District of New York; and finally, that if the dismissal and transfer motions are denied, the present action should be stayed.

## II. Discussion

### A. Motion to Dismiss

CFN contends that LendingTree's suit should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) governs subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss is granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. Greenhouse v. MCG Capital Corp., 392 F.3d 650, 655 (4th Cir. 2004). This Court finds CFN's arguments in conflict with the Federal Rules of Civil Procedure and dismissal would be inappropriate at this time.

CFN claims that LendingTree is asserting a compulsory counterclaim that it failed to

assert in the New York action. Federal Rule of Civil Procedure Rule 13(a) requires: "a pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence . . .". However, in the New York action, LendingTree filed a 12(b)(1) motion to dismiss. Such a motion is not included in the definition of a "pleading" under Federal Rule of Civil Procedure 7(a), which limits "pleadings" to a complaint, answer, reply to counterclaim, answer to a cross-claim, third-party complaint, and a third-party answer. Thus, this Court finds that since LendingTree never filed a pleading in the New York action, it was not required to raise a compulsory counterclaim.

Further, although this Court recognizes the federal circuit's "unique treatment of patent cases," this treatment does not bar LendingTree's present claim. In <u>Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc.</u>, the federal circuit held that "an infringement counterclaim to a declaratory judgment action for noninfringement . . .[is] compulsory." 347 F.3d 935 (D.C. Cir. 2003). In <u>Polymer</u>, however, the patent holder filed the initial complaint, as well as an answer. <u>Id.</u> at 936. Therefore, the Polymer court simply applied Federal Rule of Civil Procedure 13(a) to bar a compulsory counterclaim by a party who had filed a pleading. LendingTree never filed such a pleading, and therefore, neither the federal circuit patent jurisprudence or the Federal Rules of Civil Procedure bars LendingTree's present claim.

CFN further argues that the New York court's dismissal for lack of subject matter jurisdiction was based on LendingTree's representations that it did not intend to pursue litigation against CFN. Therefore, CFN contends that LendingTree's present claim is duplicitous and should not be allowed by this Court. However, the New York court dismissal was not based solely on LendingTree's word, but rather based on the totality of the circumstances. Specifically,

4

the court noted LendingTree's offer of an amicable resolution if CFN could outline differences in the system, LendingTree's absence from other litigation regarding the patent, and LendingTree's initial letter drafted by in-house, rather than outside, counsel. The court also noted that CFN's outside attorneys first mentioned legal action, prompting LendingTree to obtain outside counsel. Document 12, Ex. 4 at 7-8.

Finally, this Court does not accept CFN's argument that nothing has changed since the New York action and that LendingTree is merely forum shopping. Document 13 at 17. LendingTree claims that CFN's continued infringement following the New York action prompted the current claim. Viewed in the light most favorable to LendingTree, as the standard of review requires, this Court finds that an actual case or controversy exists, and the infringement claim should stand. Thus, this Court finds that LendingTree's current patent infringement claim is not barred as a compulsory counterclaim and therefore denies CFN's motion to dismiss.

### B. Motion to Transfer

Having thus denied the motion to dismiss, this Court further finds that this action should be transferred to the Eastern District of New York. 28 U.S.C. § 1404(a) allows a court to transfer an action "for the convenience of parties and witnesses, in the interest of justice . . . where it might have been brought." Plaintiff's choice of forum is typically "accorded great weight" by courts and "should not be lightly disturbed; however, where the interests of justice weigh heavily in favor of transfer to another district, the court should transfer the case." Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F.Supp. 93, 95 (W.D.N.C. 1990). The party seeking transfer bears the burden of demonstrating that the transfer is warranted, and this Court

has "consistently found that the burden is a heavy one." Id. at 95. In determining whether to transfer, courts consider eleven factors. Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F.Supp.2d 357, 362 (W.D.N.C. 2003). This Court will address each factor in turn.

### 1. Plaintiff's choice of forum.

The Fourth Circuit recognizes the "first to file" rule, "giving priority to the first suit absent showing of a balance of convenience in favor of the second." Learning Network, Inc. v. Discovery Communications, Inc., 11 Fed.Appx. 297, 300 (4th Cir. 2001). The fact that the first suit was a declaratory judgment action does not change the rule. See SAS Institute, Inc. v. Practicingsmarter, Inc., 353 F.Supp.2d 614, 617 (M.D.N.C. 2005). CFN contends that the New York action was the first-filed claim. LendingTree counters that the New York action was never properly before the court, and therefore, should not be given the deference of the first to file rule.

This Court agrees that to defer to CFN's New York filing would allow parties to "preemptively file a jurisdictionally defective declaratory action to claim a first-to-file right and thwart the patent holder's choice of forum" in a later action. Document 15 at 18. Therefore, this Court considers LendingTree to have filed first and will give priority to LendingTree's choice of the Western District of North Carolina.

### 2. Residence of Parties.

CFN is a New York corporation with its principal place of business in New York. LendingTree is a North Carolina corporation with its principal place of business in North Carolina. However, since both companies do business nationally via the Internet, it does not seem that CFN or LendingTree would be harmed by litigating in an out-of-state forum. See

Colbond, Inc. v. North American Green, Inc., 2000 WL 33422746 at *4 (W.D.N.C. May 8, 2000) (holding this factor neutral where each party was a sophisticated business, selling its products nationwide). Thus, this factor is neutral.

### 3. Access of Proof.

CFN contends that CFN's website documents and information are housed in New York, along with Mortgage Expo's website and server, both of which operate from New York. LendingTree maintains that its evidence is primarily in North Carolina. Therefore, in litigation likely to require a comparison of the two systems, it appears the access of proof factor does not cut decisively for either party. This factor is neutral.

### 4. Availability of compulsory process for witnesses and the costs of transporting and obtaining those witnesses.

This factor has proven decisive where non-parties may be called to testify, and therefore cannot be compelled to testify if they reside more than 100 miles from the forum. Fed. R. Civ. P. 45(e)(1). Such a concern is not applicable here, as it seems all potential witnesses are parties to the litigation, and thus compulsory. Accordingly, this factor is neutral.

### 5. Possibility of a view by the jury.

Both parties agree that this factor is not applicable in the current action.

### 6. Enforceability of a judgment.

Although CFN claims it has no property in North Carolina, this does not preclude potential monetary damages or injunction relief. Therefore, this factor does not favor a transfer.

### 7. Relative advantages and obstacles to a fair trial.

Again, CFN argues that some of its witnesses may be prevented from testifying in person due to the distance from New York to North Carolina. However, these witnesses are likely parties or officers of a party, and therefore, compulsory witnesses. Since these witnesses may be properly brought before the North Carolina court, this Court finds no threat of an unfair trial and thus, no argument in favor of a transfer.

### 8. Practical problems that make a trial easy, expeditious, and inexpensive.

Litigation in New York would be less costly to CFN, and more costly to LendingTree, with the inverse true of litigation in North Carolina. Therefore, this factor is neutral.

### 9. Relative court congestion between the districts.

Both parties concede this factor to be neutral, as both districts carry similar dockets.

### 10. Interest of resolving localized controversies at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action.

Both parties agree this factor is neutral, as either court will apply federal patent law.

### 11. Avoidance of conflict of laws.

LendingTree argues that since a separate action relating to the '816 patent is currently pending in the Western District of North Carolina, transferring this action to New York could result in divergent judgments relating to the same claim, and thus a conflict of laws. Currently, however, the other North Carolina action is in mediation. Therefore, this factor does not weigh against transfer, but rather is neutral.

In evaluating the above factors, this Court finds most factors to be neutral. This Court is troubled, however, by the idea that Lendingtree would not have the opportunity to explain to the

Eastern District of New York how what may have been a compulsary counterclaim in that court became a new action in this court. The Court certainly does not intend to imply that there was any misbehavior on the part of Lendingtree; indeed, the Plaintiff may have valid reasons for moving forums. All factors being neutral, this Court finds it most appropriate to transfer this case back to the court where the issue of patent infringement was first raised.

**C. Motion to Stay**

This Court is not persuaded that the present action should be stayed pending a resolution of the New York, nor the North Carolina action. While a court can enjoin infringement actions pending the determination of a previous declaratory action (Ramsey Group, Inc. v. EGS Intern., Inc., 208 F.R.D. 559, 564 (W.D.N.C. 2002) (citing Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 185 (1952)), in the present case, the New York action has already been dismissed and thus, is no longer pending. The North Carolina action is currently in mediation. This Court finds it inappropriate to stay the current action subject to the resolution of an action that may be resolved absent a dispositive ruling. Therefore, CFN's motion to stay is denied.

IT IS THEREFORE ORDERED that Defendant CFN's Motion to Dismiss, or in the Alternative to Stay or Transfer is hereby GRANTED and this case is transferred back to the Eastern District of New York.

Signed: August 21, 2007

Graham C. Mullen
United States District Judge